IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VLADIMER ORDONES-BARRERA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:03-CR-069-A |
| | § | (NO. 4:05-CV-499-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of Vladimer Ordones-Barrera to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court, having considered the motion, the record, including the record in No. 4:03-CR-069-A, and applicable authorities, finds that the motion should be summarily denied and that United States of America need not respond. See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255.

I.

History

On March 13, 2003, petitioner was named in a one-count indictment charging him with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On April 11, 2003, petitioner pleaded guilty without benefit of a plea agreement. However, a stipulated factual résumé was filed. On August 1, 2003, petitioner was sentenced to a term of imprisonment of 150 months, to be followed by a three-year term

of supervised release, and ordered to pay a $100.00 mandatory special assessment. Petitioner appealed and the United States Court of Appeals for the Fifth Circuit affirmed the judgment and sentence. United States v. Ordones-Barrera, No. 03-10777 (5th Cir. Sept. 9, 2004). Petitioner did not pursue a petition for writ of certiorari.

## II.

## Grounds of the Motion

Petitioner sets forth three grounds in support of his motion. Each alleges that he received ineffective assistance of counsel. He urges that, at trial and on appeal, his counsel should have urged error under Blakely v. Washington, 124 S. Ct. 2531 (2004).[1]

## III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural

---

[1] Petitioner admits that Blakely was decided long after he was sentenced.

default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>Sunal v. Large</u>, 332 U.S. 174, 178 (1947). Here, petitioner has not made any showing of cause.[2]

## IV.

### Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel ground, petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. To establish the first prong, petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of

---

[2] Although constitutionally ineffective assistance of counsel is "cause," <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991), as discussed <u>infra</u>, petitioner has failed to demonstrate that he received such ineffective assistance.

3

reasonable professional assistance. Id. at 689. It is not enough to show that some, or even most, defense lawyers would have handled the case differently. Green v. Lynaugh, 868 F.2d 176, 178 (5th Cir.), cert. denied, 493 U.S. 831 (1989). For the second prong, petitioner must show that his counsel's errors were so serious as to "deprive him of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. If the petitioner cannot show that the ineffectiveness of counsel deprived him of a substantive or procedural right to which the law entitles him, he must show that the result of the proceeding was fundamentally unfair or unreliable. Williams v. Taylor, 529 U.S. 362, 392-93 (2000). Here, the record is clearly adequate to fairly dispose of the claim of ineffective assistance. Hence, further inquiry is unnecessary. Baldwin v. Maggio, 704 F.2d 1325, 1329 (5th Cir. 1983), cert. denied, 467 U.S. 1220 (1984).

Petitioner's grounds are devoted to an attack on the representation he was provided. Most of his argument is based on the misimpression that the court was limited to the facts detailed in the factual résumé in determining the proper sentence. To the extent petitioner's allegations are conclusory, they are insufficient to support a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Petitioner has not shown that he was deprived of any substantive or procedural right, much less that the result of the proceeding was fundamentally unfair or unreliable. Williams, 529 U.S. 392-93.

4

Petitioner focuses on the argument that his sentence is unconstitutional in light of Blakely v. Washington, 124 S. Ct. 2531 (2004), because the court found facts that were not alleged in the indictment. Petitioner was well-aware of the sentence he faced as a result of his conduct. The factual résumé informed him that he faced a term of imprisonment of twenty years, plus a term of supervised release of three years. Appeal R. at 43. As petitioner was sentenced within the statutory maximum, there is no Apprendi issue. See Apprendi v. New Jersey, 530 U.S. 466 (2000). Nor is petitioner entitled to any relief under Blakely or United States v. Booker, 125 S. Ct. 738 (2005).[3] See United States v. Mares, 402 F.3d 511, 519-21 (5th Cir. 2005). The cases petitioner cites from other circuits are not persuasive.

V.

Order

For the reasons discussed herein,

The court ORDERS that petitioner's motion to vacate, set aside, or correct sentence be, and is hereby, summarily denied.

SIGNED August 17, 2005.

/s/ John McBryde
JOHN McBRYDE
United States District Judge

---

[3] The court notes that it would have imposed the same sentence in any event.

5